[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The issue of this motion for summary judgment is whether accident-related medical payments are excluded from the definition of "cash benefits" under Conn. Gen. Stat. 17-83e(b) thereby entitling plaintiff to summary judgment as a matter of law.
Although the plaintiff is seeking reimbursement solely for CT Page 29 the accident-related benefits conferred to or on the behalf of the minor Patricia Hunter, plaintiff has failed to establish the factual question whether these payments were "cash benefits" as required under Conn. Gen. Stat. 17-83e(b). Accordingly, the plaintiff is not entitled to summary judgment as a matter of law.
On August 4, 1989, plaintiff, State of Connecticut filed this original action in one count against defendant Carolyn Hunter. Plaintiff is seeking reimbursement pursuant to Conn. Gen. Stat. 17-83e and 17-83f for accident-related medical assistance paid to the defendant as guardian of the estate of her minor child. Plaintiff seeks money damages, interest and attorney fees.
Through the affidavits and documents submitted, the following facts are established as undisputed. Plaintiff is the State of Connecticut acting through and by Stephen J. Negri, Commissioner of the Department of Income Maintenance. The defendant is Carolyn Hunter, guardian of the estate of her daughter, Patricia Hunter. Patricia Hunter is a minor whose date of birth is August 17, 1981. Patricia Hunter was injured in an accident on March 9, 1985. Subsequently, accident-related medical assistance in the amount of $6,803.87 was paid out to or on behalf of Patricia Hunter under the Medical Assistant Program of the State of Connecticut ("Medicaid"). On March 19, 1986, the Probate Court at Waterbury approved of a settlement whereby the defendant received, as guardian of her minor child, a sum of $18,575.00 from a third-party. After expenses and attorney's fees there remains a balance of $12,223.04. Plaintiff then initiated this action for reimbursement of the accident-related medical assistance paid to the defendant. Defendant answered and filed a special defense. The plaintiff thereafter filed a motion to strike the special defense as legally insufficient. The court granted the motion to strike. On March 27, 1990, defendant filed a revised answer to close the pleadings. Plaintiff then filed this motion for summary judgment, a memorandum of law, the affidavit of Sue Mitchell, investigator of the Bureau of Collection Services of the Department of Administrative Services, and a letter from attorney Richard Bruno to Sue Mitchell. Defendant filed a memorandum in opposition, and the affidavit of defendant Carolyn Hunter. Plaintiff thereafter filed a reply memorandum.
Defendant, in her memorandum in opposition to plaintiff's motion for summary judgment argues that Conn. Gen. Stat. 17-83e(b) exempts the estate of her daughter from liability for repayment. That section provides that "[a]ny person who has received cash benefits under aid to families with dependant children program, when such person was under 18 years of age, CT Page 30 shall not be liable to repay the state for such assistance." (emphasis added) Conn. Gen. Stat. 17-83e(b). Conn. Gen. Stat. 17-134e specifies that the provisions of Chapter 302, Title 17 of the Connecticut Statutes, which governs the aid to families with dependant children program ("AFDC') and included Conn. Gen. Stat. 17-83e(b), are extended to the "medicaid" program except where such provisions are inconsistent with the federal statutes and regulations in Title XIX. Therefore, even though defendant received accident-related medical assistance under medicaid, rather than AFCD, 17-83e(d) is available to her unless it is inconsistent with the federal provisions in Title XIX. Plaintiff argues in support of its motion that accident-related medical assistance for the benefit of a minor under medicaid are not "cash benefits" as required by Conn. Gen. Stat. 17-83e(b), and therefore said statute is not applicable to this action.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279 (1989). "A material fact [is]. . . a fact which will make a difference in the result of the case." Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573 (1990). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact. " Connell v. Colwell, 214 Conn. 242, 246 (1990)." In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. " Id." [T]he court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. " Nolan v. Borkowski, 206 Conn. 495, 500 (1988). Whether the benefits received by or on behalf of the defendant-minor were "cash benefits" is material to the applicability of Conn. Gen. Stat. 17-83e(b). Plaintiff has not met its burden and material issues of fact exist.
CLARK, J.